UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHANIE PRICE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-23-59-G |
| | ) |
| MHM SUPPORT SERVICES, | ) |
| d/b/a Mercy Edmond North, | ) |
| | ) |
|    Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Stephanie Price's Second Motion to Compel (Doc. No. 45). Defendant MHM Support Services d/b/a Mercy Edmond North has responded (Doc. No. 46), and Plaintiff has replied (Doc. No. 48).

Plaintiff has raised claims of disability discrimination against Defendant, her former employer. In the Motion, Plaintiff challenges Defendant's supplemental responses to multiple interrogatories and requests for production. *See* Pl.'s Mot. at 5-21; *id.* Ex. 1 (Doc. No. 45-1). Plaintiff seeks an order compelling Defendant's answers and production as to the disputed requests.

    I.    *Relevant Standards*

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties generally

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information that fits within this scope "need not be admissible in evidence to be discoverable," however. *Id.* "Generally, control of discovery is entrusted to the sound discretion of the trial courts." *Murphy v. Deloitte & Touche Grp. Ins. Plan*, 619 F.3d 1151, 1164 (10th Cir. 2010) (internal quotation marks omitted).

Under Rule 33 of the Federal Rules of Civil Procedure, parties may serve on any other party written interrogatories that "relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory, "to the extent it is not objected to," "separately and fully in writing under oath." *Id.* R. 33(b)(3). "The grounds for objecting to an interrogatory must be stated with specificity." *Id.* R. 33(b)(4).

Federal Rule of Civil Procedure 34 prescribes that a party may serve on any other party a request to produce, subject to the scope of Rule 26(b), "any designated documents" "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). The responding party must then either produce the documents or "state with specificity the grounds for objecting to the request." *Id.* R. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection." *Id.* R. 34(b)(2)(C).

## II.  Discussion

Having reviewed the parties' filings and relevant authorities, the Court grants in part and denies in part Plaintiff's request, as follows:

### A. Plaintiff's Interrogatory No. 5

Plaintiff's Interrogatory No. 5 seeks the identification of each person who, during a specified time period, was (A) "supervised (directly or indirectly) by the person(s) who made the final decision to terminate Plaintiff" and (B) "held a similar position" to Plaintiff's final position or performed similar job duties. Pl.'s Mot. Ex. 1, at 5. Defendant objects that the decisionmaker's remote location away from Plaintiff's workplace and the rote nature of the accommodation process make Plaintiff's request "speculative" and "irrelevant." Def.'s Resp. at 6-7. Plaintiff's argues that Defendant has conceded its objections regarding individuals supervised by the same decisionmaker. *See* Pl.'s Mot. at 6. Further, Plaintiff argues that, at least within its offered limitations,[1] the interrogatory is proper because potential witnesses could exist despite the decisionmaker's offsite location. *Id.* at 9.

The Court finds the information sought by Plaintiff to be discoverable. Defendant shall serve its answer to Interrogatory No. 5, subject to the geographic limits previously proposed by Plaintiff, within 14 days of this Order.

### B. Plaintiff's Interrogatory No. 6

Plaintiff asserts that Defendant, after this Court's January 12, 2024 Order, did not supplement its answer to Interrogatory No. 6, which requests the identity of Plaintiff's replacement, despite Defendant's indication during a February 7, 2024 meet and confer

---

[1] Plaintiff has proposed limiting subpart (A) to Plaintiff's work location and limiting subpart (B) to Plaintiff's "department (Radiology) at her work location in Edmond, Oklahoma and two other facilities in Oklahoma City located near Plaintiff's work location." Pl.'s Mot. at 8-9 (footnote omitted).

that an oversight caused that failure. *See* Pl.'s Mot. at 11; *see also id.* Ex. 4 (Doc. No. 45-4) at 7. Plaintiff maintains supplementation has not yet occurred. *See* Pl.'s Mot. at 11. Defendant neither contests this assertion nor objects to answering Interrogatory No. 6 in its Response. Defendant shall serve its answer to Interrogatory No. 6 within 14 days of this Order.

### C. Plaintiff's Interrogatory No. 7

Plaintiff's Interrogatory No. 7 seeks the identities of and specific information about all others who requested an exemption from Defendant's vaccine requirement. *See* Pl.'s Mot. at 11; *see also* Pl.'s Mot. Ex. 1, at 6. Defendant objects on the basis of overbreadth, undue burden, and disproportionality, describing the approximate numbers of medical exemption requests and religious exemption requests as well as the resulting volume of personal and private information that would be elicited. *See* Def.'s Resp. at 7; Pl.'s Mot. Ex. 1, at 6-8. Defendant also states the information is not contained in a central database, so it estimates it would take "hundreds of hours of attorney and non-attorney time" to compile the response, which would also require use of a document review program that imposes additional costs. Pl.'s Mot. Ex. 1, at 7-8. Plaintiff represents that she offered to limit the request to only those employees whose exemption requests were granted and to Defendant locations within fifty miles of Plaintiff's workplace. *See* Pl.'s Mot. at 12.

This Court's January 12, 2024 Order resolving earlier discovery disputes stated: "if an objection is based on disproportionality or undue burden, Defendant shall provide information regarding the scope of responsive information implicated and how difficult or expensive it would be to comply with the request." Order of Jan. 12, 2024 (Doc. No. 35)

4

at 1-2. Much of Defendant's objection regarding the scope of this request overstates what would be produced. The interrogatory only seeks the "first and last name, last known address, last phone number, date of birth, job title, and dates of employment" of the relevant employees and not, as Defendant characterizes it, the contents and communications of each relevant employee's request. Pl.'s Mot. Ex. 1, at 6. And although Defendant provided some support for its undue burden and disproportionality arguments in its supplemental objection, *id.* at 6-8, it has not done so as to the interrogatory as now limited by Plaintiff.

Parties cannot escape discovery because records are dispersed rather than collected absent a sufficient showing of undue burden, which has not been made here. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment (explaining that when "information asymmetry" is involved, one party "may have vast amounts of information, including information that can be readily retrieved and information that is more difficult to retrieve," which "often mean[s] that the burden of responding to discovery lies heavier on the party who has more information, and properly so"). Defendant shall serve its answer to Interrogatory No. 7, subject to the limits previously offered by Plaintiff, within 14 days of this Order.

### D. Plaintiff's Interrogatory No. 10, Request for Production No. 17, Interrogatory No. 12, and Request for Production No. 16

Plaintiff's Interrogatory No. 10 seeks information held by Defendant that would factually support Defendant's undue hardship defense and the identities and involvement of those who participated in making the undue hardship determination. *See* Pl.'s Mot. Ex. 1, at 8. Plaintiff's Request for Production ("RFP") No. 17 seeks documents relating to the

cost of accommodating Plaintiff and related financial information. *See* Pl.'s Mot. Ex. 4, at 17-18. Plaintiff represents that Defendant has not provided any supporting factual information, any identities of those involved, or types of involvement in response to Interrogatory No. 10. *See* Pl.'s Reply at 6. Plaintiff further represents that Defendant has not provided anything responsive to RFP No. 17. *See id.* at 6.

Plaintiff's Interrogatory No. 12 seeks Defendant's factual basis for the defense of direct threat, as well as identification of who made this determination. *See* Pl.'s Mot. Ex. 1, at 10. Plaintiff's RFP No. 16 seeks documentation of and communications regarding any individualized assessment of Plaintiff with regard to risks posed by Plaintiff. *See* Pl.'s Mot. Ex. 4, at 17. Plaintiff represents that Defendant has not produced any responsive information as to either of these direct-threat requests. *See* Pl.'s Mot. at 15-16.

Responding to Plaintiff's contentions, Defendant states that it provided supplemental production and that "it will further confirm with Plaintiff whether any additional documents are responsive." Def.'s Resp. at 8.

Federal Rule of Civil Procedure 26(e)(1) places the burden on the party "who has responded to an interrogatory" or a request for production to "supplement or correct its . . . response: (A) in a timely manner if the party learns that is some material aspect the . . . response is incomplete or incorrect" "or (B) as ordered by the court." Fed. R. Civ. P. 26(e)(1). Defendant shall appropriately and completely supplement its answers to Interrogatory Nos. 10 and 12 and its responses to RFP Nos. 16 and 17 within 14 days of this Order. At that time, Defendant shall also produce any additional responsive documents relevant to those discovery requests.

*E. Plaintiff's Interrogatory No. 14 and Request for Production No. 20*

Plaintiff's Interrogatory No. 14 requests information about alternative positions that Plaintiff was qualified for from six months prior to Plaintiff's termination to present, as well as whether openings were available in the positions, any offers were made to Plaintiff, and, if none were made, why not. *See* Pl.'s Mot. Ex. 1, at 11. Plaintiff's RFP No. 20 seeks assorted documents relating to the same topic. *See id.* at 17-18. Plaintiff states that Defendant has not produced any responsive information or documentation to these two discovery requests. *See* Pl.'s Mot. at 16-17.

Defendant objects that any job openings prior to Plaintiff's termination were not relevant, and it reurges, to show it would be an undue burden, that it would be difficult to canvas Defendant's network of employment locations for alternative positions available during the relevant period. *See* Def.'s Resp. at 8. Defendant also argues that the decisionmaker did not have any authority over accommodations, potentially to argue lack of relevance. *Id.*

Defendant's undue-burden objections, as presented in its Response and as referenced in its Supplemental Responses Nos. 5 and 7, are devoid of reference to vacant positions or anything relevant to this discovery request, meaning it does not comply with the directives of the Court's January 12, 2024 Order. Merely arguing that production would be difficult is insufficient, especially in light of Plaintiff's offered limitations[2] and

---

[2] Plaintiff represents that she offered to limit the scope of Interrogatory No. 14 and RFP No. 20 to positions available in the period of three months prior to Plaintiff's termination to three months after the termination and to within a fifty-mile radius of Plaintiff's work location. *See* Pl.'s Mot. at 17. Plaintiff further represents that to ease the burden on

7

the Court's prior instructions. And regardless of the decisionmaker's scope of authority, other available positions are relevant to a failure-to-accommodate claim. Defendant shall serve its answer to Interrogatory No. 14 and its response to RFP No. 20, subject to the limits proposed by Plaintiff, within 14 days of this Order. At that time, Defendant shall also produce any responsive documents relevant to those discovery requests.

### F. Plaintiff's Request for Production No. 13

Plaintiff's RFP No. 13 relates to advertisements of available positions from one year prior to Plaintiff's discharge to present. *See* Pl.'s Mot. Ex. 4, at 16. Plaintiff subsequently offered to limit the time period to three months prior to Plaintiff's termination through three months after the termination. Pl.'s Mot. at 17.

Defendant objected initially that RFP No. 13 was irrelevant, vague, overbroad, and not proportional. *See* Pl.'s Mot. Ex. 1, at 16. Defendant supplemented its objection with a cross-referenced burden argument addressing a different discovery topic. *See id.* In the briefing, Defendant states that Plaintiff was not eligible for a transfer of assignment and that the decisionmaker could not control her placement, so Defendant concludes that the information should not have to be produced. *See* Def.'s Resp. at 11. Defendant also states, in a nod to showing the request is unduly burdensome, that Defendant has "many" locations within 100 miles of Plaintiff's work site. *See id.*

As an initial matter, the Court concludes that position advertisements from shortly before to shortly after Plaintiff's termination are relevant and discoverable. This is because

---

Defendant she offered to review all job postings during this period to identify which positions Plaintiff was qualified to perform. *Id.*

"'a vacant position' includes not only positions that are at the moment vacant, but also includes positions that the employer reasonably anticipates will become vacant in the fairly immediate future." *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1175 (10th Cir. 1999).

Further, the Court finds that Defendant again fails to "provide information regarding the scope of responsive information implicated and how difficult or expensive it would be to comply with the request," as required by the Court's Order of January 12, 2024. Pointing by reference to a burden argument that addresses an entirely different discovery topic is not sufficient. To the extent Defendant argues in its response that producing discovery responses to RFP No. 13 would be a burden, the level of detail is still insufficient.

Defendant shall serve its response to RPF No. 13, subject to the limits previously proposed by Plaintiff, within 14 days of this Order. At that time, Defendant shall also produce any responsive documents relevant to that discovery request.

### G. Plaintiff's Request for Production No. 3

Plaintiff's RFP No. 3 seeks production of a defined assortment of communications "for the period between one year prior to Plaintiff's termination to the present." Pl.'s Mot. Ex. 4, at 11-12. Defendant characterizes this request as "irrelevant and overly broad" based upon the premise that it seeks the information "for the period of time Plaintiff worked at Mercy," which Defendant states is "approximately 13 years." Def.'s Resp. at 8. Defendant does not explain the basis for this interpretation, which appears to be at odds with RFP No. 3's express time limit of one year prior to Plaintiff's termination to present.

Defendant shall serve its response to RFP No. 3 within 14 days of this Order. At that time, Defendant shall also produce any responsive documents relevant to that discovery request.

### *H. Plaintiff's Request for Production No. 5*

Plaintiff's RFP No. 5 requests information about other complaints of disability discrimination asserted against Defendant. *See* Pl.'s Mot. Ex. 1, at 12. Plaintiff states that Defendant produced responsive documents for Plaintiff but not for any other employees. *See* Pl.'s Mot. at 18. Defendant responds that Plaintiff's request does not encompass any valid comparators because the decisionmaker was located at another worksite and was not Plaintiff's supervisor. *See* Def.'s Resp. at 9. So, Defendant concludes, it need not respond further to this request because no valid comparators exist. *See id.*

Defendant is obligated to produce the information and documents requested in RFP No. 5 to the extent that a complaint of disability discrimination against Defendant involved either (1) a supervisor who was also Plaintiff's supervisor at the time of the adverse employment action challenged by Plaintiff, or (2) a decisionmaker who was also a decisionmaker relevant to the adverse employment action challenged by Plaintiff. *See* Fed. R. Civ. P. 26(b)(1); *see also Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 540 (10th Cir. 2014) ("To be similarly situated to the plaintiff, the other employees must share the same supervisor or decision maker." (internal quotation marks omitted)); *Romero v. Trader Joe's Co.*, No. 24-6, 2024 WL 2832922, at *3 (D.N.M. June 4, 2024) (reasoning that "relevant comparator evidence relates to how the person who fired [p]laintiff . . . addressed similar

complaints of discrimination" when the firing decision was not made by plaintiff's direct supervisor).

Defendant shall serve its response to RFP No. 5 within 14 days of this Order. At that time, Defendant shall also produce any responsive documents relevant to that discovery request.

### I.  Plaintiff's Request for Production No. 6(C)

Plaintiff's RFP No. 6(C) seeks copies of Defendant's rules and policies related to COVID-19 and COVID vaccinations from one year prior to Plaintiff's termination to present. *See* Pl.'s Mot. Ex. 4, at 13. According to Plaintiff, at least eight versions of these materials exist, yet only two have been produced. *See* Pl.'s Mot. at 19. Plaintiff also represents that Defendant, at the February 7, 2024 meet and confer, agreed to supplement this RFP but has not done so. *Id.* Defendant did not address this dispute in its Response.

Defendant shall serve its response to RFP No. 6(C) within 14 days of this Order. At that time, Defendant shall also produce any responsive documents relevant to that discovery request.

### J.  Plaintiff's Request for Production No. 9

Plaintiff's RFP No. 9 seeks information and documents regarding exceptions Defendant made to its vaccine requirement. *See* Pl.'s Mot Ex. 1, at 13-14. Plaintiff represents that Defendant has not produced any responsive documents. *See* Pl.'s Mot. at 19. Defendant objects that the request is too broad because it includes both medical and religious exemptions and that too much confidential information would necessarily be produced. *See* Def.'s Resp. at 9-10. Defendant also repeats its argument that Plaintiff's

11

request is defeated by the lack of a common supervisor. *See id.* at 10. Plaintiff replies to Defendant's objection and argument that it is the existence of exceptions rather than the reasons for an exemption request that is important because such exceptions show the viability of accommodation and potentially disparate treatment. *See* Pl.'s Reply at 9-10.

The Court agrees with Plaintiff, at this stage, that it is the existence of exceptions that is important and makes the exceptions discoverable. An Agreed Protective Order (Doc. No. 18) is operative in this case; all parties remain bound to comply with it, which allays Defendant's confidentiality concerns.

Defendant shall serve its response to RFP No. 9 within 14 days of this Order. At that time, Defendant shall also produce any responsive documents relevant to that discovery request.

### K. Plaintiff's Request for Production No. 10

Plaintiff's RFP No. 10 seeks relevant personnel documents of persons who may be similarly situated to Plaintiff or who replaced Plaintiff. *See* Pl.'s Mot. Ex. 1, at 14-15. Plaintiff represents that, despite subsequently offered scope limitations,[3] Defendant has not supplemented its responses. *See* Pl.'s Mot. at 20. Defendant contends that responding would reveal too much confidential information from the personnel files, and that the request, if permitted at all, is undermined by a lack of valid comparators and should be limited to only employees who have knowledge regarding Plaintiff's termination and the

---

[3] Plaintiff states that she has offered to limit the request to persons who worked in the territories covered by the decisionmaker and to limit subparts (C) and (D) to a 50-mile radius of Plaintiff's work location. *See* Pl.'s Mot. at 20.

surrounding circumstances. *See* Def.'s Resp. at 11. Plaintiff replies that comparators need not have knowledge of Plaintiff's termination to be valid and that the similarly situated test is not a discovery limitation. *See* Pl.'s Reply at 10.

The Court concludes that the information sought is, broadly, relevant and discoverable. While the Court might have been persuaded to limit this discovery based on concerns about undue burden or confidentiality, Defendant has not provided a principled basis to do that. Defendant shall serve its response to RFP No. 10, subject to the limitations offered by Plaintiff, within 14 days of this Order. At that time, Defendant shall also produce any responsive documents relevant to that discovery request.

## CONCLUSION

In accordance with the foregoing, Plaintiff's Second Motion to Compel (Doc. No. 45) is GRANTED IN PART and DENIED IN PART. The Court declines to make an award of related expenses. *See* Fed. R. Civ. P. 37(a)(5)(C).

The deadlines imposed in this Order may be extended by mutual agreement of the parties.

Plaintiff's Motion to Expedite (Doc. No. 50) is DENIED AS MOOT.

IT IS SO ORDERED this 25th day of March, 2025.

_____
CHARLES B. GOODWIN
United States District Judge