## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHANIE PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Case No. CIV-23-59-G |
| | ) |
| MHM SUPPORT SERVICES, | ) |
| d/b/a Mercy Edmond North, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is Plaintiff Stephanie Price's Motion for Sanctions (Doc. No. 118), seeking entry of default judgment against Defendant MHM Support Services d/b/a Mercy Edmond North. Defendant has responded (Doc. No. 136), and Plaintiff has replied (Doc. No. 139). On January 14, 2026, the Court heard argument on the Motion from counsel for both parties. *See* Doc. No. 140.

### I.    Background

The factual allegations underpinning Plaintiff's request, as set forth in the Motion, were addressed in detail at the Court's hearing and need not be repeated in full here.

Plaintiff initiated this action in state court in December 2022, bringing employment-discrimination claims against Defendant. Following removal to this Court, the parties have had numerous disputes related to discovery and other issues, resulting in protracted litigation and multiple revisions to the Court's original May 2023 scheduling order.

Of particular relevance, in October 2023, Plaintiff moved to compel production of multiple items of discovery from Defendant (*see* Doc. No. 24). Following a hearing, the

Court granted Plaintiff's motion and ordered Defendant to produce additional discovery responses by January 25, 2024. *See* Order of Jan. 12, 2024 (Doc. No. 35). On March 20, 2024, Plaintiff filed a second motion to compel (Doc. No. 45), which the Court granted in part in its Order of March 25, 2025 (Doc. No. 63).

On May 7, 2025, Plaintiff filed a Motion to Enforce (Doc. No. 67), arguing that Defendant had failed to supplement its discovery responses as required by the Court's Order of March 25, 2025. After hearing argument from counsel, the Court granted the Motion to Enforce. *See* Order of July 9, 2025 (Doc. No. 76). In so doing, the Court found "that Defendant's failure to timely comply with the March 25, 2025 Order was willful" and that Plaintiff was entitled to the reasonable expenses incurred in making the first and second motions to compel, as well as the Motion to Enforce. *Id.* at 2-3.

Pursuant to the Court's Tenth Amended Scheduling Order (Doc. No. 83), all dispositive motions were required to be filed no later than October 1, 2025. Defendant did not file a dispositive motion but instead filed a Motion for Extension of Time (Doc. No. 94), seeking to extend that deadline. Defendant also filed two later Motions (Doc. Nos. 103, 115) reurging that request.

On December 16, 2025, the Court set various motions, expressly including Defendant's three pending motions to extend the dispositive-motion deadline, for hearing. *See* Order (Doc. No. 119) at 1. All remaining—i.e., unexpired—deadlines were ordered to be stayed. *See id.* On December 17, 2025, notwithstanding the pendency of its extension requests and the Court's setting of a hearing on those requests, and without leave of the Court, Defendant filed a Motion for Summary Judgment (Doc. No. 120).

At the hearing on January 14, 2026, the Court heard argument from counsel. Memorializing certain rulings made at the January 14 hearing, and elaborating thereon, the Court on January 16, 2026, granted Plaintiff's request to strike Defendant's unauthorized Motion for Summary Judgment, as well as Plaintiff's related request for payment of reasonable expenses incurred because of Defendant's and Defendant's counsel's noncompliance with Federal Rule of Civil Procedure 16. *See* Order of Jan. 16, 2026 (Doc. No. 141) at 1-2.

## II.     *Relevant Standards*

Various governing rules of civil procedure permit the imposition of sanctions by the Court upon a finding that a party or its attorney has violated those rules. *See, e.g.*, Fed. R. Civ. P. 11(c), 16(f), 26(g)(3), 37; LCvR 83.6(e); *see also* 28 U.S.C. § 1927.  In addition, "[f]ederal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (internal quotation marks omitted); *see also Hutchinson v. Hahn*, No. 05-CV-453, 2007 WL 2572224, at *5 (N.D. Okla. Sept. 4, 2007) ("This Court has the inherent power to impose sanctions that are necessary to control and supervise its own proceedings, promote judicial efficiency, deter frivolous filings, and respond to abusive litigation practices.").

Courts are required to exercise their inherent powers "with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).  "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* at 44-45.  The appropriate sanction generally "should be the least severe

sanction adequate to deter and punish" the offending party. *White v. Gen. Motors Corp.*, 908 F.2d 675, 684 (10th Cir. 1990) (discussing Rule 11 sanctions); *see also Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1259 (10th Cir. 2015).

The Court's inherent discretion to sanction misconduct "includes the power to enter a default judgment." *Klein v. Harper*, 777 F.3d 1144, 1147 (10th Cir. 2015) (internal quotation marks omitted). "Default judgment is a harsh sanction that should be used only if the failure to comply with court orders is the result of willfulness, bad faith, or any fault of the disobedient party rather than inability to comply." *Id.* at 1147-48 (internal quotation marks omitted). To determine whether such a sanction is warranted, the Court considers the factors identified by the Tenth Circuit in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). *See Klein*, 777 F.3d at 1148. As applicable here, these factors include: (1) the degree of actual prejudice to Plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of Defendant and/or Defendant's counsel; (4) whether the Court has warned Defendant that default judgment "would be a likely sanction for noncompliance"; and (5) "the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921.

III.    *Plaintiff's Motion for Sanctions*

Plaintiff seeks the entry of default judgment "as a sanction for Defendant's ongoing abusive litigation practices." Pl.'s Mot. Sanctions at 15. Plaintiff's Motion alleges the following as primary examples of such practices: (1) Defendant's failure to comply with the Court's March 25, 2025 and July 9, 2025 Orders; (2) Defendant's continued refusal to properly engage in party discovery and to follow the Court's local rules; and (3) the

4

"secret[] recording" by Defendant's counsel of Plaintiff's deposition on October 24, 2025.
Pl.'s Mot. Sanctions at 8-24; *see also* Pl.'s Reply at 2-8.

Defendant objects to the request, arguing that it has complied with the Court's Orders and participated in discovery in good faith, that Plaintiff and her counsel have "somewhat unclean hands" with regard to discovery, that Plaintiff's complaints already have been addressed or that the cited conduct "caused no harm," and that the extreme sanction of entry of default judgment is not warranted in this action. Def.'s Resp. at 4-19.

The Court does not find that default judgment—or any lesser sanction—is warranted as to Defendant. Plaintiff is correct that Defendant has not adequately complied with the litigation responsibilities associated with defending this lawsuit and that the Court warned Defendant of the possibility of entry of judgment in Plaintiff's favor if further noncompliance with the Court's orders occurred. *See* Pl.'s Mot. Sanctions Ex. 1, July 7, 2025 Hr'g Tr. 30:5-24 (Doc. No. 118-1); *see also* Order of July 9, 2025, at 2-3; Order of Jan. 16, 2026, at 1-2. Weighing against those considerations, however, is the fact that the Court already has granted Plaintiff relief several times as to Defendant's delinquencies and that some of the delay in this action has not been entirely the fault of Defendant. Having considered the relevant factors and record, the Court does not find that Defendant's conduct "has . . . halted" "the adversary process" or conclude that the "harsh sanction" of default judgment is warranted. *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (internal quotation marks omitted).

Whether sanctions are warranted as to Defendant's counsel is a closer question. *See In re Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984) ("If the fault lies with the attorneys, that

is where the impact of sanction should be lodged."). Two of the examples raised by Plaintiff have been addressed, however. Counsel's previous decisions ignoring deadlines and failing to comply in full with an order of the Court resulted in the imposition of attorney's fees and costs against Defendant, as detailed by the Court at the hearing of July 7, 2025. *See* July 7, 2025 Hr'g Tr. 29:9-30:24. And counsel's decision to file a plainly untimely and unauthorized summary-judgment motion resulted in the Court striking that motion and granting Plaintiff's request for related expenses. *See* Order of Jan. 16, 2026, at 1-2. While those rulings do not preclude consideration of the same misconduct on a subsequent motion for sanctions, the curative effect of the Court's prior orders lessens the amount of prejudice to Plaintiff and the amount of interference with the judicial process.

Relevant to Plaintiff's third example, the parties represent that, pursuant to Federal Rule of Civil Procedure 30(b), Defendant noticed Plaintiff's deposition for October 24, 2025, to be recorded by stenographic and video means. It is undisputed that in addition to using a stenographer and a videographer, the deposing attorney, James M. Paul, employed the computer program/application "Deposely" on his personal laptop during the deposition to provide real-time recording and transcription of Plaintiff's testimony. *See* Def.'s Resp. at 11-12.

Mr. Paul did not disclose on the deposition notice that he was separately recording the deposition with the Deposely program. This omission was improper, as "courts universally agree [the Rule 30(b)(3)(A)] notice requirement applies to both official and personal-use recordings." *Cordero v. Olson Assocs. P.C.*, No. 23-cv-00756, 2025 WL 1435807, at *3 & n.42 (D. Utah May 19, 2025) (citing cases).

Then, at the deposition itself, Mr. Paul did not prior to commencement of the deposition disclose his personal recording to Plaintiff's counsel, Plaintiff, or anyone attending. When a break was taken, Mr. Paul was aware that at some point during that break Plaintiff and Plaintiff's counsel were alone in the deposition room with the stenographer and videographer—but not Defendant's counsel—and Mr. Paul did not pause the recording or notify anyone that he was recording. Instead, when during the break the stenographer observed the Deposely program running on Mr. Paul's laptop, the stenographer informed Plaintiff's counsel that she believed Mr. Paul was recording what was said. Pl.'s Mot. at 11.

When all participants returned to the deposition room, Plaintiff's counsel inquired whether anyone was recording during breaks, when the parties were off the record and Plaintiff and her counsel may be speaking to each other. *See id.* Ex. 4, Pl. Dep. Tr. 72:25-73:8 (Doc. No. 118-4). Both the stenographer and the videographer replied in the negative; Mr. Paul did not reply. *See id.* at 73:9-10. Plaintiff's counsel again asked, and this time Mr. Paul answered, "And you can always go in that room to—." *Id.* at 73:11-19. It then became apparent that Mr. Paul was using Deposely to record the deposition and that the program had not been paused or stopped during the break. *See id.* at 73:20-74:25. After more discussion by counsel, the Deposely program was turned off and the deposition resumed.

Counsel for both parties agree that the program did not record any privileged conversation, as either the stenographer, the videographer, or both were in the room with Plaintiff and Plaintiff's counsel during the break(s). Plaintiff contends that such a failure

was mere luck, as attorneys commonly speak with their clients during deposition breaks when they believe they are alone. *Cf. Cordero*, 2025 WL 1435807, at *4 ("The harm in recording off-record discussions without opposing counsel's knowledge is obvious."). Mr. Paul has attested that his failure to pause the Deposely program while the parties were off the record was inadvertent, as he had "absolutely no intent to record during the break or at any time" he was not in the deposition room. Def.'s Resp. Ex. 7, J. Paul Decl. ¶ 14 (Doc. No. 136-7).

Mr. Paul's conduct with regard to the use of this separate recording program is troubling. Significantly, though, Mr. Paul has apologized and taken full responsibility for his "mistake and negligence." *Id.* ¶ 16. And the Court accepts, based on the evidence presented, that Mr. Paul's decisions, first, to not notify others of his use of a separate recording program for the deposition and, second, to not stop the program during the break, are more fairly characterized as counsel's negligent handling of new technology than a deliberate plan to secretly record Plaintiff's communications with her counsel. Relevant to this finding, while a nefarious actor might hope that Plaintiff and her attorney would talk during breaks when opposing counsel was absent from the room, the expectation of learning private information would be very low here, when the stenographer and videographer also were free to be in the room and a separate room was made available to Plaintiff for private discussions. The Court does not find in these circumstances that Mr. Paul's actions "manifest[ed] either intentional or reckless disregard of [his] duties to the court" or were taken "in bad faith, vexatiously, wantonly, or for oppressive reasons." *O'Rourke v. Dominion Voting Sys., Inc.*, No. 21-1442, 2022 WL 17588344, at *5 (10th

Cir. Dec. 13, 2022) (internal quotation marks omitted); *Chambers*, 501 U.S. at 45-46 (internal quotation marks omitted).

The Court therefore concludes that the misconduct alleged by Plaintiff does not warrant any further sanction than those previously imposed. Accordingly, the Court exercises its "restraint and discretion" and declines to assess sanctions against Defendant or Defendant's counsel at this time. *Chambers*, 501 U.S. at 44.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Sanctions (Doc. No. 118) is DENIED.

IT IS SO ORDERED this 22nd day of January, 2026.

CHARLES B. GOODWIN
United States District Judge